UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER W. WALLACH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:16 CV 450 CDP |
| WHETSTONE PARTNERS, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Roger Wallach alleges that he received an unwanted solicitation on his cell phone from defendants. He purports to bring claims against defendants under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, for himself and on behalf of a nationwide class. Defendants move to dismiss plaintiff's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Plaintiff opposes dismissal and requests jurisdictional discovery. Because I lack personal jurisdiction over defendants, plaintiff's complaint will be dismissed without prejudice, and the motion for discovery will be denied.

Legal Standard: Rule 12(b)(2) Motion to Dismiss

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts

sufficient to support a "reasonable inference that the defendant[] can be subjected to jurisdiction within the state." *K–V Pharm. Co. v. J. Uriach & CIA, S.A*, 648 F.3d 588, 59-92 (8th Cir. 2011); *see also, Viasystems, Inc. v. EBM—Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011); *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). A plaintiff's prima facie showing "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *K–V Pharm.*, 648 F.3d at 592 (quoting *Dever*, 380 F.3d at 1072–73). I must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, plaintiff carries the burden of proof and that burden does not shift to defendants. *Epps*, 327 F.3d at 647.

Background Facts

Defendants Whetstone Partners, LLC and Whetstone Holdings, LLC (together, Whetstone) are Delaware limited liability companies based in Florida. Whetstone is not registered to do business in Missouri, does not conduct business in Missouri, and has no offices, property, or employees in Missouri. Nevertheless, plaintiff Roger Wallach has sued Whetstone in Missouri, claiming that Whetstone violated the TCPA by using an automatic dialing system to call him on his cell phone without his permission. Wallach alleges as follows:

2

> 20. On or about February 5, 2016, Wallach received a call on his cell phone in St. Louis County, Missouri from Whetstone Partners, Whetstone Holdings or someone acting on their behalf.
>
> 21. Upon answering the cell phone, Wallach heard a brief pause before hearing the voice of Whetstone Partners and/or Whetstone Holdings' representative.
>
> 22. Whetstone Partners and/or Whetstone Holdings' representative advised Wallach that they were interested in providing him a business loan. This phone call advertised Whetstone Partners and/or Whetstone Holdings' products and services . . . .
>
> 24. The person acting on behalf of Whetstone Partners and/or Whetstone Holdings advised that the name of the company interested in providing the business loan to Wallach was "Price Funding." The person further advised Wallach that the website for "Price Funding" was www.pricefunding.com and that the company was located at 2001 NW 107th Avenue in Miami, Florida.

Wallach's complaint goes on to allege that Whetstone's offices are also located at 2001 NW 107th Avenue in Miami, Florida and that Price Funding's website administrative contact is helpdesk@ws-hold.com. Based on that that allegation in the complaint, Wallach argues that the companies share the same website administrator.

In support of their motion to dismiss, Whetstone provided the affidavit of Scott Crockett, the managing member of both Whetstone entities. In addition to explaining Whetstone's lack of ties to Missouri, Crockett also avers that Whetstone does not own or use an automatic telephone dialing system and did not place a telephone call to Wallach's telephone number, either directly or through Price

3

Funding. (Doc. #21-1). Crockett further avers that Price Funding is a wholly owned subsidiary of Whetstone Holdings, but that is has separate employees and corporate formalities, including a separate profit and loss statement, an independent sales force, and its own loan management system which is not used by Whetstone. Price Funding also has its own phone system and customer service management software. However, Crockett consulted with Price Funding, which has no record of making a telephone call to Wallach's number on the date alleged in the complaint.

In opposition to dismissal, Wallach provided his own affidavit, in which he avers as follows:

> 6. One of the persons who spoke to me about the business loan advised me that the business address of the company was 2001 NW 107th Avenue in Miami, Florida. The person also advised me that the company's website was www.pricefunding.com.
>
> 7. I never requested that a company or companies located in Miami, Florida contact me to discuss a business loan.
>
> 8. I have never requested that a company or companies with the website www.pricefunding.com contact me to discuss a business loan.

(Doc. #28-1). Notably, Wallach never states that he actually received a call from Whetstone or Whetstone's representative, as alleged in the complaint. Instead, Wallach only identifies Price Funding as the caller. Although Wallach argues in his memorandum in opposition to dismissal that he received a phone "from Defendants or someone acting on their behalf," the only evidence cited in support

of this assertion is the (unverified) complaint and Wallach's affidavit, which, as just discussed, does not actually state that Wallach received a phone call from Whetstone.

After the motion to dismiss was filed, Wallach filed a motion for jurisdictional discovery. Wallach argues that he is entitled to jurisdictional discovery because his complaint "sets forth more than bare allegations concerning Defendants' connection to the phone call at issue." In support of this argument, Wallach claims that he connected "defendants' business address to the phone call" and "Whetstone Holdings to the operation of the website to which Plaintiff was directed." (Doc. #31 at 2-3). Wallach concludes that "jurisdictional discovery is necessary and appropriate" so "that the proper party defendants may be determined with certainty." (*Id.*). Defendants oppose jurisdictional discovery.

Discussion

Before turning to Whetstone's motion to dismiss, I will deny Wallach's motion for jurisdictional discovery. The decision whether to grant jurisdictional discovery in a case is left to the trial court's sound discretion. *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 713 (8th Cir. 2003). I may deny jurisdictional discovery where a plaintiff has failed to make a prima facie case of jurisdiction. *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011)("[w]hen a plaintiff offers only speculation or conclusory assertions

5

about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.") (alteration in original; internal quotation marks and citation omitted). Because I find that Wallach has not made a prima facie case of personal jurisdiction for the reasons set out below, I will deny jurisdictional discovery and dismiss the complaint. *See Osborn & Barr Communications, Inc. v. EMC Corp., Inc.*, 4:08CV87 CAS, 2008 WL 341664, at *1 (E.D. Mo. Feb. 5, 2008) (jurisdictional discovery is not appropriate vehicle to uncover evidence supporting jurisdiction; it is plaintiff's obligation "to undertake at least enough minimal investigation prior to filing a complaint as to permit it to allege a basis for jurisdiction in the complaint.") (internal quotation marks and citation omitted).

"Personal jurisdiction can be specific or general." *Viasystems*, 646 F.3d at 593. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state . . . ." *Miller*, 528 F.3d at 1091 (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994)) (internal quotation marks omitted). General jurisdiction exists when a defendant has "'continuous and systematic'" contacts with the forum state so as "to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 U.S. 2846, 2851 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

"Where, as here, the court's subject matter jurisdiction is premised upon a federal statute or other federal question, rather than diversity of citizenship, a prima facie case for personal jurisdiction requires two elements." *Velez v. Portfolio Recovery Assoc., Inc.*, 881 F. Supp. 2d 1075, 1081 (E.D. Mo. 2012). "First, the plaintiff must demonstrate that haling the defendant into court accords with the Due Process Clause." *Id.* "Second, the plaintiff must show that the defendant is amenable to service of process from the court in question." *Id.* "When the relevant federal statute is silent as to service of process, as is the case here, a court may exercise personal jurisdiction only to the extent permitted by the forum state's long-arm statute." *Id.* at 1082. "Thus, determining amenability to service requires the same personal jurisdiction inquiry and concomitant minimum contacts analysis applicable when the court exercises diversity of citizenship subject matter jurisdiction and brings the familiar Fourteenth Amendment analysis back into play." *Id.* (internal quotation marks and citation omitted).

Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 291–92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998). Minimum contacts is based on the notion that "those who live or

operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. *World–Wide Volkswagen*, 444 U.S. at 297; *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 694 (8th Cir. 2003); *Epps*, 327 F.3d at 648. Sufficient minimum contacts requires some act by which the defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre*, 131 S.Ct. at 2787 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Stanton*, 340 F.3d at 693–94 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). This means that "the relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 475). Contacts

between the plaintiff and the forum State do not satisfy this inquiry. *Id.* "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." *Stanton*, 340 F.3d at 694 (quoting *Burger King*, 471 U.S. at 475).

I am to apply a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Dever*, 380 F.3d at 1073. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id.* at 1073–74 (quoting *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)). I should give significant weight to the first three factors. *Id.* at 1074; *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014).

Here, Wallach cannot satisfy either Missouri's long-arm statute[1] or the Due Process Clause[2] because there is no evidence that Whetstone has had <u>any</u> contact

---

[1] Missouri's long-arm statute, Mo. Rev. Stat. § 506.500.1, authorizes the exercise of personal jurisdiction over an entity that transacts business in Missouri when the cause of action arises from such transaction or if a defendant commits a tort within the state. Mo. Rev. Stat. § 506.500.1(1) and (3). If the tortious act is committed outside of Missouri, the long-arm statute will apply as long as the act "produces actionable consequences" in Missouri. *Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364, 371 (Mo. Ct. App. 2010).

[2] Although the Eighth Circuit has suggested the Missouri long arm statute and the Due Process Clause are not identical in scope and should be analyzed separately, *Viasystems*, 646 F.3d at 593 n.2, in a case such as this, where there is no evidence of any contact between defendants and the forum state, the analysis necessarily overlaps. In any case, in reaching my decision I have

9

with Missouri, let alone contacts sufficient to establish personal jurisdiction in this case. Wallach offers nothing more than the bare allegation in his complaint that defendants contacted him, but this allegation is refuted both by his own affidavit – in which he admits that Price Funding (not Whetstone) called him – as well as the uncontroverted evidence submitted by Whetstone that it never contacted Wallach. Moreover, the uncontroverted evidence establishes that Whetstone is not registered to do business in Missouri, does not conduct business in Missouri, and has no offices, property, or employees in Missouri. Wallach's speculative and conclusory assertions that this Court can exercise personal jurisdiction over Whetstone in this case merely because Whetstone and Price Funding share a mailing address and website administrator are inadequate to demonstrate a prima facie case of personal jurisdiction over Whetstone. Stated otherwise, there is no evidence to support the bare allegation that Whetstone ever contacted Wallach or had any contact with Missouri to support the exercise personal jurisdiction in this case.

Nor can the alleged contacts of Price Funding be imputed to Whetstone for purposes of establishing personal jurisdiction over defendants under Missouri's long-arm statute or the Due Process Clause. Although Price Funding is a wholly owned subsidiary of one of the defendants (Whetstone Holdings), it is well-settled that a parent corporation is not subject to the personal jurisdiction of a state as the

---

considered Missouri's long-arm statute separately from the Due Process Clause and find that Wallach has failed to establish a prima facie case of personal jurisdiction under either.

result of the mere presence or actions of its wholly owned subsidiary. *Epps*, 327 F.3d at 649. The Eighth Circuit has held that "the fiction of a corporate entity may be disregarded, where one corporation is so organized and controlled and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation." *Id.* To demonstrate that two entities are alter egos of one another such that the contacts of the subsidiary may be attributed to the parent for purposes of establishing personal jurisdiction, a plaintiff must show that there is such a unity of interest and ownership that the separate entities no longer exist and that failure to disregard the separate identities would result in fraud or injustice. *Velez*, 881 F. Supp. 2d at 1084. "The alter ego test is satisfied only where the record indicates that the parent dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operation." *Id.* at 1084-85 (internal quotation marks and citation omitted).

Applying these principles, the Court finds that a shared mailing address and website administration with Price Funding are insufficient to satisfy the alter ego test and establish a prima facie showing of personal jurisdiction over Whetstone. Price Funding has separate employees and corporate formalities, including a separate profit and loss statement, an independent sales force, and its own loan management system which is not used by Whetstone. Notably for this case, Price Funding also has its own phone system and customer service management

software, which it uses to market its own loan products. As there is no evidence to satisfy the alter ego test[3] and the Eighth Circuit has rejected an "agency theory" of jurisdiction, *see Viasystems*, 646 F.3d at 596, the Court cannot exercise personal jurisdiction over Whetstone consistent with either Missouri's long-arm statute or due process.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [21] is granted, and plaintiff's complaint is dismissed without prejudice for lack of personal jurisdiction.

A separate Order of Dismissal consistent with this Memorandum and Order is entered this same date.

                                _____
                                CATHERINE D. PERRY
                                UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2016.

---

[3] Even if there were some evidence to satisfy the alter ego theory with respect to Price Funding's corporate parent Whetstone Holdings, Wallach has failed to explain how this theory would also permit the Court to exercise jurisdiction over co-defendant Whetstone Partners, which has no ownership interest in Price Funding.